Michael Faillace & Associates, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

MAXIMO PATRICIO, *individually and on*
*behalf of others similarly situated,*



|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| AHDS BAGEL LLC (d/b/a PICK A BAGEL), 1101 BAGEL CORP. (d/b/a PICK A BAGEL), ARIEY NUSSBAUM, ISLAM ABBAS (a/k/a SAMMY), and HAIM WYSOKI, | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Maximo Patricio ("Plaintiff Maximo" or "Mr. Maximo"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against AHDS Bagel LLC (d/b/a Pick A Bagel), 1101 Bagel Corp. (d/b/a Pick A Bagel) ("Defendant Corporations"), Ariey Nussbaum, Islam Abbas (a/k/a Sammy), and Haim Wysoki, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff Maximo is a former employee of defendants AHDS Bagel LLC (d/b/a Pick a Bagel), 1101 Bagel Corp. (d/b/a Pick A Bagel), Ariey Nussbaum, Islam Abbas (a/k/a Sammy) and Haim Wysoki (collectively "Defendants").

2.       Defendants own, operate, or control a bagel restaurant located at 1101 Lexington Avenue, New York, New York 10075 under the name Pick a Bagel.

3.      Upon information and belief, individual defendants Ariey Nussbaum, Islam Abbas (a/k/a Sammy), and Haim Wysoki, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Maximo was employed as a stock man and ostensibly as a delivery worker. Plaintiff Maximo was required to spend a considerable part of his work day performing non-tipped, non-delivery duties, including but not limited to various restaurant duties such as, stocking items in the basement, refilling the refrigerator, cutting tomatoes, lettuce, and onions, sweeping and mopping, twisting and tying up cardboard boxes, stocking and cleaning the refrigerator and the freezer, and washing dishes, (hereafter the "non-tipped, non-delivery duties").

5.      At all times relevant to this Complaint, Plaintiff Maximo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Maximo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

- 2 -

7.     Defendants employed and accounted for Plaintiff Maximo as a delivery worker in their payroll, but in actuality Plaintiff Maximo's duties required a significant amount of time spent in non-tipped, non-delivery duties.

8.     Regardless, at all relevant times, Defendants paid Plaintiff Maximo at a rate that was lower than the tip-credit rate.

9.     In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Maximo's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Maximo's actual duties in payroll records by designating him as a delivery worker instead of non-tipped employee. This allowed Defendants to avoid paying Plaintiff Maximo at the minimum wage rate and enabled them to pay him at the lower tip-credited rate (which they still failed to do).

11.     Defendants' conduct extended beyond Plaintiff Maximo to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maximo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiff Maximo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor

Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.    Plaintiff Maximo seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Maximo's state law claims under 28 U.S.C. § 1367(a).

16.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bagel restaurant located in this district. Further, Plaintiff Maximo was employed by Defendants in this district.

## THE PARTIES

*Plaintiff*

17.    Plaintiff Maximo Patricio ("Plaintiff Maximo" or "Mr. Maximo") is an adult individual residing in Bronx County, New York.  Plaintiff Maximo was employed by Defendants from approximately January 2016 until on or about April 2016.

*Defendants*

18.    At all relevant times, Defendants own, operate, or control a bagel restaurant located at 1101 Lexington Avenue, New York, New York 10075 under the name "Pick a Bagel".

19.     Upon information and belief, AHDS Bagel LLC (d/b/a Pick a Bagel) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1101 Lexington Avenue, New York, New York 10075.

20.     Upon information and belief, 1101 Bagel Corp. (d/b/a Pick a Bagel) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1101 Lexington Avenue, New York, New York 10075.

21.     Defendant Ariey Nussbaum is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ariey Nussbaum is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Ariey Nussbaum possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maximo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Islam Abbas (a/k/a Sammy) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Islam Abbas (a/k/a Sammy) is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Islam Abbas (a/k/a Sammy) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of

the employees of Defendants, including Plaintiff Maximo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Haim Wysoki is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Haim Wysoki is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Haim Wysoki possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maximo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants operate a bagel restaurant located in the Upper East Side section of Manhattan in New York City.

25.     The individual defendants, Ariey Nussbaum, Islam Abbas (a/k/a Sammy) and Haim Wysoki, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiff Maximo's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff Maximo, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff Maximo (and all similarly situated employees) and are Plaintiff Maximo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Maximo and/or similarly situated individuals.

30.     Upon information and belief, individual defendants Ariey Nussbaum, Islam Abbas (a/k/a Sammy) and Haim Wysoki, operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b.   defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.   transferring assets and debts freely as between all Defendants,

    d.   operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e.   operating Defendant Corporations for their own benefit and maintaining control over these entities  as closed Corporations,

    f.   intermingling assets and debts of their own with Defendant Corporations,

g. diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h. other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Maximo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Maximo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Maximo services.

32. In the year 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Maximo is a former employee of Defendants who was employed as a stock man and ostensibly as a delivery worker. However, Plaintiff Maximo spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

35. Plaintiff Maximo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maximo Patricio*

36. Plaintiff Maximo was employed by Defendants from approximately January 2016 until on or about April 2016.

37.     Defendants employed Plaintiff Maximo as a stock man and ostensibly as a delivery worker.

38.     However, Plaintiff Maximo also was required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

39.     Although Plaintiff Maximo ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-delivery work throughout his employment with Defendants.

40.     Plaintiff Maximo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.     Plaintiff Maximo's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Maximo regularly worked in excess of 40 hours per week.

43.     From approximately January 2016 until on or about April 2016, Plaintiff Maximo worked from approximately 4:45 a.m. until on or about 2:30 p.m. Thursdays through Tuesdays (typically 58.5 hours per week).

44.     Throughout his entire employment with Defendants, Plaintiff Maximo was paid his wages by check.

45.     From approximately January 2016 until on or about April 2016, Plaintiff Maximo was paid a fixed weekly salary of $420.00.

46.     Plaintiff Maximo's wages did not vary regardless of how many additional hours he worked in a week.

47.     For example, Defendants required Plaintiff Maximo to start working 15 to 20

minutes prior to his scheduled start time to complete the work they required him to perform, and did not compensate him for the additional time they required him to work.

48.     Defendants never granted Plaintiff Maximo any break or meal periods of any length.

49.     Plaintiff Maximo was never notified by Defendants that his tips were being included as an offset for wages.

50.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Maximo's wages.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Maximo regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Maximo an accurate statement of wages, as required by NYLL 195(3).

53.     Instead, defendants provided Plaintiff Maximo pay stubs falsely showing that he only worked 40 hours a week.

54.     Defendants did not give any notice to Plaintiff Maximo, in English and in Spanish (Plaintiff Maximo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

55.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maximo (and all similarly situated employees) to work in excess of 40 hours a week without paying him the appropriate minimum wage and overtime compensation as required by federal and state laws.

56.     Plaintiff Maximo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57.     Defendants' pay practices resulted in Plaintiff Maximo not receiving payment for all his hours worked, and resulting in Plaintiff Maximo's effective rate of pay falling below the required minimum wage rate.

58.     Defendants habitually required Plaintiff Maximo to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

59.     Defendants required all delivery workers, including Plaintiff Maximo, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

60.     Plaintiff Maximo, and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

61.     Plaintiff Maximo and all other delivery workers were not even paid at the lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because the delivery workers' and Plaintiff Maximo's non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

62.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

63. The delivery workers', including Plaintiff Maximo's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

64. In violation of federal and state law as codified above, Defendants classified Plaintiff Maximo and other delivery workers as tipped employees, but did not even pay them at the tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

65. Defendants failed to inform Plaintiff Maximo that his tips were being credited towards the payment of the minimum wage.

66. Defendants failed to maintain a record of tips earned by Plaintiff Maximo for the deliveries he made to customers.

67. Although Plaintiff Maximo was paid his wages by check, the pay stubs falsely stated that he had only worked 40 hours a week.

68. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Maximo (and similarly situated individuals) worked, and to avoid paying Plaintiff Maximo properly for his full hours worked.

69. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Maximo and other similarly situated current and former workers.

71.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

72.     Defendants failed to provide Plaintiff Maximo and other employees with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

73.     Defendants failed to provide Plaintiff Maximo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

74.     Plaintiff Maximo brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on

behalf of all similarly situated persons who are or were employed by Defendants on or after the

date that is three years before the filing of this Complaint (the "FLSA Class Period"), as

employees of Defendants (the "FLSA Class").

75.     At all relevant times, Plaintiff Maximo, and other members of the FLSA Class

who are and/or have been similarly situated, have had substantially similar job requirements and

pay provisions.

76.     At all relevant times, Plaintiff Maximo, and other members of the FLSA Class

who are and/or have been similarly situated, have been subject to Defendants' common

practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to

pay them minimum wage and overtime at a one and one-half times their regular rates for work in

excess of forty (40) hours per workweek.

77.     The claims of Plaintiff Maximo stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

78.     Plaintiff Maximo repeats and realleges all paragraphs above as though fully set

forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Maximo's

employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants

had the power to hire and fire Plaintiff Maximo, controlled the terms and conditions of

employment, and determined the rate and method of any compensation in exchange for their

employment.

80.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Maximo at the applicable minimum hourly rate.

83.    Defendants' failure to pay Plaintiff Maximo at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.    Plaintiff Maximo was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

85.    Plaintiff Maximo repeats and realleges all paragraphs above as though fully set forth herein.

86.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Maximo overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.    Defendants' failure to pay Plaintiff Maximo, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.    Plaintiff Maximo was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

89.    Plaintiff Maximo repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Maximo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Maximo, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Maximo less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Maximo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Maximo was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

94.     Plaintiff Maximo repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Maximo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants' failure to pay Plaintiff Maximo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97.     Plaintiff Maximo was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

98.     Plaintiff Maximo repeats and realleges all paragraphs above as though fully set

forth herein.

99.    Defendants failed to provide Plaintiff Maximo with a written notice, in English and in Spanish (Plaintiff Maximo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to Plaintiff Maximo in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

101.    Plaintiff Maximo repeats and realleges all paragraphs above as though set forth fully herein.

102.    With each payment of wages, Defendants failed to provide Plaintiff Maximo with an accurate statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

- 17 -

103.    Defendants are liable to Plaintiff Maximo in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maximo respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maximo (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maximo (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Maximo's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Maximo (including the prospective collective class members);

(f)    Awarding Plaintiff Maximo (including the prospective collective class members)

- 18 -

damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Maximo (including the prospective collective class members) liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maximo;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maximo;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Maximo's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Awarding Plaintiff Maximo damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages;

(m)     Awarding Plaintiff Maximo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Maximo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Maximo (including the prospective collective class members)

pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Maximo (including the prospective collective class members)

the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Maximo demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
June 1, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 31, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Maximo Patricio

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     31 de mayo de 2017

*Certified as a minority-owned business in the State of New York*